# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NUMBER 20-137** |
| : | |
| **JONATHAN GOERIG** : | **UNDER SEAL** |

**ORDER**

**AND NOW**, this        day of            , 2023, upon consideration of the Defendant's request, it is hereby **ORDERED** that Exhibit A of the Defendant's Sentencing Memorandum is **FILED UNDER SEAL** due to the nature of its contents.

BY THE COURT:

_____
**THE HONORABLE JOHN R. PADOVA**
**Senior United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 20-137** |
| | : | |
| | : | |
| **JONATHAN GOERIG** | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**
**AND MOTION FOR DOWNWARD VARIANCE**

Jonathan Goerig, by and through his attorney, Catherine Henry, Senior Litigator, Federal Community Defender Office for the Eastern District of Pennsylvania, respectfully submits this memorandum in mitigation and moves for a downward variance under 18 U.S.C. § 3553(a) and *United States v. Booker,* 543 U.S. 220 (2005). The defense respectfully requests a downward variance in this case, as a sentence in the guideline range is greater than necessary to achieve the goals of sentencing considering Mr. Goerig's personal history and characteristics and the sentencing considerations identified below. Specifically, Mr. Goerig submits that a sentence of 180 months of incarceration is minimally sufficient to accomplish the goals of sentencing pursuant to 18 U.S.C. § 3553(a) and is the most appropriate sentence in light of the nature and circumstances of the offense and Mr. Goerig's history and characteristics.

As detailed *infra*, the instant offense arose from Mr. Goerig's inappropriate relationship with a minor. He is fully aware of the exploitative nature of this relationship and the wrongfulness of his behavior, and he deeply regrets his actions. Thus, he has accepted full responsibility and pled guilty to the indictment charging him with travel with the intent to engage in illicit sexual encounter with a minor, in violation of 18 U.S.C. § 2423(b) (Count One),

manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. § 2251(a) (Count Two- Five), receipt of child pornography in violation of 18 U.S.C. §2252(a)(2) and (b)(1), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b) (2). The government is asking this Court to impose a sentence of 300 months of incarceration; however, full consideration of all the 18 U.S.C. § 3553(a) factors necessitate a sentence equal to the statutory mandatory minimum sentence of 180 months (15 years).

I.      **INTRODUCTION**

Any case involving child pornography and/or exploitation is extremely serious. Cases such as these present the unique and difficult task of achieving a balance between retribution and rehabilitation in the face of universally negative public sentiment and, in this case, harm to a teenage child. In imposing a sentence, the Court must consider the statutory factors outlined in 18 U.S.C. § 3553(a) in conjunction with the harm caused to victim of the offense—an arduous task that requires extensive deliberation.

Mr. Goerig stands before this Court deeply ashamed of his conduct and fully appreciative of the damage caused to the victim and her family. He has accepted full responsibility for his actions leading to the instant Indictment knowing he potentially faces spending the rest of his life in prison. In doing so, he has repeatedly expressed a genuine desire to spare the victim from any further trauma or embarrassment. He is prepared to face the significant consequences of his actions, including a lengthy federal prison sentence, extensive supervised release, and SORNA reporting requirements. Since he was arrested in December 2019, Mr. Goerig has confronted his actions while trying to make sense of the problematic thinking patterns that led to their commission. *See* Report of Christopher P. Lorah, Ph.D., 2, attached as Exhibit A.[1]

---

[1] A copy of Exhibit A was filed under seal and provided to counsel for the government and the Probation Officer.

The defense submits that a sentence of life imprisonment is greater than necessary considering the statutory factors outlined in 18 U.S.C. § 3553(a), as well as *Booker* and its progeny. Rather, a downward variance is appropriate, and a lesser sentence is not inconsistent with § 3553(a).

## II.     THE SENTENCING GUIDELINES AND MANDATORY MINIMUM

Mr. Goerig pled guilty to all counts of the indictment. As such, this Court cannot impose a sentence below 15 years of incarceration. A mandatory minimum sentence dictated by Congress ensures that individuals who commit certain crimes will serve at least a certain sentence even if it is their first offense. As addressed in detail below, the mandatory minimum sentence of 15 years is minimally sufficient upon an accounting of the § 3553(a) factors.

## III.    THE SENTENCING FACTORS UNDER 18 U.S.C. § 3553 SUPPORT A SENTENCE OF 180 MONTHS OF INCARCERATION

As detailed *infra*, the mandatory minimum sentence is the appropriate sentence upon full consideration of all relevant factors and information.

### A.    The Nature and Circumstances of the Offense as They Relate to Mr. Goerig's History and Characteristics Support a Downward Variance.

The facts of this particular case warrant a significant sentence, imposition of which requires meaningful consideration of Mr. Goerig's age, sincere remorse, and desire to not further traumatize the victim and her family by proceeding to trial.

In this case, Mr. Goerig participated in a non-forceful relationship with a post-pubescent teen. During the course of their relationship, they filmed several of their sexual encounters and exchanged photos over the phone. Mr. Goerig received the pornographic images directly from Minor #1 and did not distribute them to anyone else. Thus, the images and videos are not circulating on the internet and will presumably be destroyed by the government upon disposition

3

of this case. Moreover, unlike in many cases with similar facts, no other child pornography was found on any of the devices seized from Mr. Goerig.

Additionally, Mr. Goerig has no prior criminal history, and is extremely remorseful for his actions. Importantly, he has expressed a desire to engage in treatment. He has a strong work history and has completed a great number of educational and vocational programs while incarcerated. *See* PSR ¶ 137. He has strong family support from his mother and father and his sister Lauren. Both Mr. Goerig's mother and sister are currently undergoing treatment for breast cancer. *Id.* at ¶ 111, 113.

In short, the nature and circumstances of the instant offense, as well as Mr. Goerig's history and characteristics, in their entirety, warrant the mandatory minimum sentence of 180 months of imprisonment. Such a significant sentence is minimally sufficient.

      A. **The Need for the Sentence Imposed—**

           1. *To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

Mr. Goerig's offenses, like all offenses involving the sexual exploitation of children, are undoubtedly serious. As such, he faces a very serious, mandatory consequence—at least 15 years in federal prison. This amount of incarceration, as well as the mandatory SORNA registration he will have to undergo and lengthy period of supervised release the Court may impose, sufficiently reflect the seriousness of Mr. Goerig's crime, promote respect for the law, and provide just punishment. Therefore, the Court should impose a sentence of 180 months of incarceration followed by a period of supervised release at its discretion.

> 2. *To afford adequate deterrence to criminal conduct and to protect the public from further crimes by the defendant.*

This Court need not impose a more severe penalty than the mandatory minimum in order to deter Mr. Goerig and/or similarly situated others from committing this type of offense in the future. Mr. Goerig is deeply remorseful for the harm he has caused. Indeed, he will spend the next 15 years reflecting on his decisions, learning from his mistakes, and undergoing correctional treatment. The loss of 15 years of one's life to incarceration is more than sufficient to deter future criminal conduct; thus, the mandatory minimum is the appropriate sentence to accomplish this goal of sentencing.

Additionally, it should be noted that the Sentencing Commission has found that "[t]here is no correlation between recidivism and guidelines' offense level. . . . While surprising at first glance, this finding should be expected. The guidelines' offense level is not intended or designed to predict recidivism." U.S. Sent'g Comm'n, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 15 (2004) ["U.S. Sent'g Comm'n, *Measuring Recidivism*"]. And according to "the best available evidence . . . prisons do not reduce recidivism more than noncustodial sanctions." Francis T. Cullen et al., *Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science*, 91 Prison J. 48S, 50S-51S (2011).

Considering Mr. Goerig's lack of criminal history and the empirical data cited herein, a sentence beyond the mandatory minimum would be in excess of what is required to ensure both general and individual deterrence. As such, a sentence at the mandatory minimum of 15 years is appropriate to meet this statutory factor.[2]

---

[2] It must also be noted that the extensive civil penalties, including requirements to register under SORNA (Sex Offender Registration and Notification Act), provide substantial general deterrence in addition to any potential sentence of incarceration. SORNA established a national baseline for sex offender registration and notification. It sets a minimum national standard, a floor, not ceiling, for States' sex offender reporting programs. It requires public disclosure of an offender's personal information, including his name and any aliases, address, employment

       3.       *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Goerig earned his GED and a number of college credits; however, he did not complete college and instead joined the workforce. He would benefit from and looks forward to engaging in whatever educational opportunities are available to him during the mandatory amount of time he is required to serve in federal prison. As noted by Dr. Lorah in his report, he would also benefit from sex offense specific treatment which he will receive while serving his sentence in the Bureau of Prisons. Such treatment will substantially reduce any risk of recidivism.

### B. Kinds of Sentences Available

The kinds of sentences available are outlined in Section D of the PSR. Again, this Court must consider the sentencing guideline calculations when imposing a sentence for Mr. Goerig, and the congressionally imposed mandate is that the sentence be no less than 15 years.

### C. The Need to Avoid Unwarranted Disparities and Unwarranted Similarities

This Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Whether any difference among sentences is warranted or unwarranted depends on the individual circumstances of each case and their relationship to the purposes of sentencing. "Unwarranted disparity is defined as different treatment of individual offenders who are similar in relevant ways, or similar treatment of individual offenders who differ in characteristics that

---

information and address, address of any school should he choose to continue his education, a physical description, the offense for which he is convicted, and his current photograph. Offenders are required to update their information regularly and are required to register in other jurisdictions to which they may travel for more than seven days. All of this information will be accessible by internet to anyone in the world. This information will also be disseminated to local organizations in accordance with jurisdictional regulations. This in and of itself is a punishment of enormous dimension with severe criminal consequences for noncompliance.

are relevant to the purposes of sentencing." U.S. Sent'g Comm'n, *Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System Is Achieving the Goals of Sentencing Reform 113* (2004).

To avoid an unwarranted disparity between Mr. Goerig and similar offenders, the defense respectfully requests this Court impose a sentence below the recommended guideline range, which is the consistent with sentencings in cases of this nature nationwide according to data recently published by the Sentencing Commission. U.S. Sent'g Comm'n. *Federal Sentencing of Child Pornography Production Offenses*, 3, (Oct. 2021) [hereinafter "*Child Pornography Production Report*"] (concluding most courts tasked with sentencing defendants convicted of child pornography production/enticement offenses grant downward variances).

### E.  The Need to Provide Restitution to Any Victim of the Offense

To date, undersigned counsel has not received a request for restitution; however, upon request, counsel will make every effort to resolve this issue prior to the sentencing hearing.

### IV.  CONCLUSION

Based on the above-stated reasons, as well as anything which becomes evident to the Court during the sentencing hearing, the defense respectfully requests that this Court impose the mandatory minimum sentence of 15 years of incarceration as such a sentence satisfies all the goals of 18 U.S.C. § 3553(a). Such a sentence is sufficient, but not greater than necessary, to achieve these statutory goals.

>   Respectfully submitted,
>
>   */s/ Catherine C. Henry*
>   CATHERINE C. HENRY
>   Senior Litigator

## CERTIFICATE OF SERVICE

I, Catherine C. Henry, Senior Litigator, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the Defendant's Sentencing Memorandum and Motion for Downward Variance to be filed and served electronically through the Eastern District Clerk's Office Electronic Case Filing upon Michelle Rotella, Assistant United States Attorney, Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania, 19106.

                                            */s/ Catherine C. Henry*
                                            CATHERINE C. HENRY
                                            Senior Litigator

DATE:       March 22, 2023